GEORGE COCHRAN'S EXECUTOR AND OTHERS, APPELLANTS, *v.* OLIVER R. INGERSOLL, IMPLEADED, ETC., RESPONDENT.

*Adjustment of costs — on remittitur from Court of Appeals — Code,* § 311.

Where an order of the General Term is affirmed by the Court of Appeals, with costs, and the cause is remitted to the Supreme Court, that court has power to adjust the costs in cases where the clerk of the court cannot do it.

APPEAL from an order made at a Special Term, April 17, 1877, entered on the filing of a *remittitur* from the Court of Appeals.

The *remittitur* from the Court of Appeals directed "that the said order be in all things affirmed, with costs." The order appealed from provided that, "on reading the *remittitur* from the Court of Appeals in this action, filed in the office of the clerk of the county of Kings, on the 16th day of December, 1876, it is ordered, that the decision of the Court of Appeals affirming, with costs, the order of the General Term of this court, which was made and entered on the 9th day of May, 1876, be and stand as the decision of this court. And it is further ordered, that defendant Ingersoll do recover of the plaintiffs the sum of $103.00, his costs and disbursements, on said appeal to the court of appeals, the same being adjusted by me at that sum as per bill of costs filed with the clerk of this court on this day, and that the precept of this court issue for the collection thereof.

*P. V. R. Stanton,* for the appellants.

*Britton, Ely & Snell,* for the respondent.

DYKMAN, J. :

In this action an appeal to the Court of Appeals was taken from an order of the General Term of the Supreme Court. The order was affirmed, and the proceedings were remitted to the Supreme Court by a *remittitur,* which was filed in Kings county on the 16th day of December, 1876. On the 21st day of March, 1877, an order was made *ex parte,* by which the order of the Court of Appeals was made the order of this court, and the costs were directed to be adjusted by the clerk of this court on the usual notice.

A motion was then made to modify this order, in deciding which

the judge marked on the papers the words "motion denied, and order amended to conform to the practice," and thereupon an order was made by which the order of March twenty-first was amended so as to read as follows: " On reading the *remittitur* from the Court of Appeals in this action, filed in the office of the clerk of the county of Kings, on the 16th day of December, 1876, it is ordered that the decision of the Court of Appeals affirming, with costs, the order of the General Term of this court, which was made and entered on the 9th day of May, 1876, be and stand as the decision of this court; and it is further ordered that defendant Ingersoll do recover of the plaintiff the sum of $103, his costs and disbursements on said appeal to the Court of Appeals, the same being adjusted by me at that sum as per bill of costs, filed with the clerk of this court on this day, and that the precept of the court issue for the collection thereof." ·

From this order an appeal is now brought to the General Term. The questions presented by this appeal are very technical, and do not affect the merits of the case or the rights of the parties in any way. Whether the decision of the Court of Appeals is called an order, a decision, or a judgment, can make no difference. It determines the question presented, and sent the record to the Supreme Court to enforce the decision. In the *remittitur* it is stated that the notice of appeal, the return thereto, and the judgment of the Court of Appeals, are remitted to the Supreme Court to be enforced according to law; and, it would seem from this, that the decision was regarded as a judgment in the court in which it was made, and ought, in strictness, to have been so designated in the order. The question relating to the adjustment of the costs must be determined, and has even more general importance.

The last part of section 311 of the Code, provides that whenever it shall be necessary to adjust costs in any interlocutory proceeding in an action, the same shall be adjusted by the judge before whom the same may be heard, or the court before which the same may be decided or pending, or in such other manner as the judge or court may direct, and the appellant now invokes the benefit of this provision for the reversal of the order appealed from, and as the court before which this proceeding was decided was the Court of Appeals, that court had the only power to adjust the costs if the proceeding was interlocutory, but we do not think it was; such a proceeding

is something that is intermediate and done between the commencement and termination of an action. This was no such proceeding, and is not included within the provision of the statute quoted. Besides, we think this provision has no application or reference to an appeal to the Court of Appeals from an order. Such costs have never been adjusted by that court, nor by one of its judges, neither has it been usual for the *remittitur* to contain any direction for the adjustment of the costs of that court. After the cause is remitted to the Supreme Court, it must be considered as pending therein, and, therefore, a judge of that court has the power to adjust the costs in cases where the clerk of the court cannot do it, and this is such a case. The order should be affirmed, with costs and disbursements.

Present — BARNARD, P. J., and DYKMAN, J.; GILBERT, J., not sitting.

Order affirmed, with costs and disbursements.